IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **SANDRA DEE COLE,**, | ) | |
| | ) | Chapter 7 (Converted) |
| Debtor, | ) | |
| | ) | |
| _____ | ) | Case No. 16-50322 |
| **MOON WRIGHT & HOUSTON,** | ) | Adv. Proc. No. 17-05006 |
| **PLLC,** | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED MOTION TO** |
| | ) | **QUASH/MODIFY SUBPOENA AND** |
| v. | ) | **MOTION FOR PROTECTIVE ORDER** |
| | ) | |
| **SANDRA DEE COLE,** | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Collum & Perry, PLLC, (hereinafter "Collum & Perry") by and through undersigned counsel, and pursuant to Rule 45 (d)(2)(B), Rule 45 (d)(3) and Rule 45 (e)(2) of the Federal Rules of Civil Procedure, and objects to and moves to quash the Subpoena issued to it, a copy of which is attached hereto as Exhibit A.  Further, Collum & Perry moves for a protective order preventing the production of certain information protected by the attorney client privilege in both documentary and/or testimony form.  In support of this Objection and Motion to Quash and for protective order, the undersigned shows as follows:

1.      On July 21, 2017 Moon Wright & Houston, PLLC issued a subpoena seeking documents related to Collum & Perry's former representation of Sandra Dee Cole related to her bankruptcy filing.  A copy of which is attached hereto as Exhibit A.

2.      On July 25, 2017 said subpoena was received by Collum & Perry, via certified mail.

3.      On July 26, 2017 Shane Perry of Collum & Perry contacted his errors and omissions carrier for assistance in determining what documents could be produced without violating attorney client privilege.

4.      On August 1, 2017 the undersigned was retained by Collum & Perry's errors and omissions insurance provider to assist the firm in the determination of which documents could be produced without violating the attorney client privilege.

5.      The undersigned learned that the attorney who represented Ms. Cole on behalf of Collum & Perry, Danielle Balle, is no longer a lawyer at Collum & Perry but is also represented by the undersigned.

6.      The undersigned contacted Moon Wright & Houston, PLLC via voice mail on August 2, 2017 and received a return call on the same day.

8.      On August 3, 2017 the undersigned sent an email to Moon Wright & Houston, PLLC requesting an extension of time to review the file and determine which documents are protected by the attorney client privilege and not subject to disclosure.

9.      Moon Wright & Houston, PLLC responded by granting an extension of time within which the undersigned could produce those documents which have been requested and are not subject to the attorney client privilege. A copy of the email to Moon Wright & Houston and their response granting the extension is attached hereto as Exhibit B.

10.     The undersigned returned the calls of Moon Wright & Houston. PLLC but was unable to speak with Mr. Johnson or Mr. Wright regarding same.  Therefore, the undersigned sent an email to Moon Wright & Houston, PLLC explaining that the common law does not allow an attorney to determine what information in a client's file is or is not attorney client privileged because the privilege belongs to the client (whom Collum & Perry represented but no longer

represent).  Case law requires that said determination be made by the court. See *In re Miller*, 357

N.C. 316 (2003). Further, as explained in the email, Rule 1.9 specifically prohibits Collum & Perry

from voluntarily producing any information obtained in their representation of Ms. Cole.  See a

copy of the email sent to Moon Wright and Houston, PLLC attached hereto as Exhibit C.

11.     Based upon the common law and the North Carolina Rules of Professional Conduct

cited herein and in the email to Moon Wright and Houston, PLLC attached hereto as Exhibit C,

Collum & Perry may not lawfully voluntarily produce any of the information in the file which was

obtained in its representation of Ms. Cole.  See *Torres v. ADM Mill. Co.,* No. 3:13-CV-574, 2015

WL 4425698, at *4 (W.D.N.C.July 17, 2015)

12.     Collum & Perry raised the attorney client privilege, which under the ethical rules

is a privilege that belongs to Ms. Cole and cannot be waived by them, as a bar to the production

and disclosure of information in the file maintained by Collum & Perry in its initial objection and

motion filed on August 4, 2017.  A copy of the filed objection and motion are attached hereto as

Exhibit D.

13.     Collum & Perry's position was explained to Moon Wright and Houston, PLLC

attorneys during phone call with the undersigned on August 9th.         .

14.     Moon Wright and Houston, PLLC subsequently filed a Motion seeking to Compel

production of documents from Collum & Perry.  Given the state of the law on the issue of attorney

client privilege, it appears that the information sought in the subpoena should be sought from Ms.

Cole so that she has an opportunity to defend her privilege and directly respond to the specific

merits of the arguments Moon Wright and Houston, PLLC are making in their Motion to wit: that

the information is either not attorney client privileged or that Ms. Cole has somehow waived this

privilege.

15.    The undersigned nor Collum & Perry represent Ms. Cole and therefore cannot respond to the specific issues as to whether the information sought is or is not protected by the attorney client privilege.  As the privilege is held by Ms. Cole, only she can challenge the production of the documents or information and only she may argue her position as to which documents and information are protected by the attorney client privilege.  It is, however, the ethical duty of her former counsel to raise the objection and to protect from disclosure all information obtained as a result of Collum & Perry's representation.  See North Carolina Rules of Professional Conduct, Rule 1.9.

16.    It was suggested by the undersigned during my call with Moon Wright and Houston, PLLC on August 9th that since Ms. Cole holds the privilege, she should be subpoenaed to produce the documents from her file as she could easily request it from Collum & Perry.  This would allow Ms. Cole an opportunity to argue the merits of the issue as to the information that is protected by the attorney client privilege.  The undersigned is concerned that Ms. Cole, who holds the privilege and is the only person who may argue the specific merits of the protections it provides, may not be afforded the opportunity to argue her position as to the specific allegations of Moon Wright and Houston, PLLC related to the production of the documents and the attorney client privilege.

17.    Additionally, it is unduly burdensome to require Collum & Perry and/or Ms. Balle to spend valuable time to determine what information contained in the file may or may not be responsive to the subpoena as neither Collum & Perry and/or Ms. Balle represent Ms. Cole.   If required to do so, Collum & Perry and/or Ms. Balle will be required to make legal determinations about documents and their responsiveness to a subpoena when they represent no party involved in the issue.  Again, such result is another reason to quash Moon Wright and Houston PLLC's subpoena and require them to seek this information from Ms. Cole, an actual party to the litigation.

18.    The undersigned requests a protective order be entered regarding all the information and those documents that are in the possession of Collum & Perry and which were obtained as a result of the representation of Ms. Cole as the Rules of Professional Conduct does not allow their voluntary production by Collum & Perry.

WHEREFORE, the undersigned respectfully requests that the subpoena attached hereto as Exhibit A be quashed and or/modified as the production of all the information received by an attorney may not be produced to third parties due to the attorney client privilege; that the Court enter a Protective Order preventing disclosure by Collum & Perry of any and all documents or information sought by Plaintiffs; and that Collum & Perry, Ms. Balle and the undersigned be relieved of any responsibility for analyzing Ms. Cole's file to determine what information is responsive to the subpoena, and for such other relief as the Court deems just and proper.

This the 14th day of August, 2017.

CRANFILL SUMNER & HARTZOG LLP

BY:    /s/Ryan D. Bolick
       Ryan D. Bolick, NC Bar #26482
       Attorneys for Collum & Perry, PLLC
       P.O. Box 30787
       Charlotte, NC 28230
       Telephone (704) 332-8300
       Facsimile (704) 332-9994
       rbolick@cshlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August, 14th 2017, I electronically filed the foregoing Amended Motion to Quash/Modify Subpoena and Motion for Protective Order with the Clerk of the Court using the CM/ECF system and via First Class U.S. Mail as follows:

| |
|---|
| Moon Wright & Houston, PLLC<br>121 West Trade Street, Suite 1950<br>Charlotte, North Carolina 28202 |
| Sandra Dee Cole<br>143 Sleepy Cove Trail<br>Mooresville, NC 28117 |

CRANFILL SUMNER & HARTZOG LLP

BY:   /s/Ryan D. Bolick
Ryan D. Bolick, NC Bar #26482
Attorneys for Collum & Perry, PLLC
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
rbolick@cshlaw.com

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Statesville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 (Converted) |
| **SANDRA DEE COLE,** | ) | |
| Debtor. | ) | |
| **MOON WRIGHT & HOUSTON, PLLC,** | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| **SANDRA DEE COLE,** | ) | Adv. Proc. No. 17-05006 |
| Defendant. | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

| To: | Collum & Perry, PLLC | To: | Collum & Perry, PLLC |
|---|---|---|---|
| | M. Shane Perry, Registered Agent | | Officer, Director or Managing Agent |
| | 109 W. Statesville Avenue | | 109 W. Statesville Avenue |
| | Mooresville, NC 28115 | | Mooresville, NC 29115 |

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A.

| PLACE | Moon Wright & Houston, PLLC 121 W. Trade Street, Suite 1950 Charlotte, NC 28202 | DATE AND TIME August 4, 2017 at 5:00 p.m. |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated objection or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 21, 2017

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*            *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing Moon Wright & Houston, PLLC who issues or requests this Subpoena, are:

Caleb Brown
Moon Wright & Houston, PLLC
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
cbrown@mwhattorneys.com
(704) 944-6560

### Notice to the person who issues or requests this Subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

MWH: 10356.001; 00017710.1

B 2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☒ I served the foregoing Subpoena by delivering a copy to the named person as follows via certified mail, return receipt requested:

| | |
|---|---|
| Collum & Perry, PLLC<br>M. Shane Perry, Registered Agent<br>109 W. Statesville Avenue<br>Mooresville, NC 28115 | Collum & Perry, PLLC<br>Officer, Director or Managing Agent<br>109 W. Statesville Avenue<br>Mooresville, NC 29115 |

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date:  __July 21, 2017__

Shannon L. Myers
*Server's signature*

__Shannon L. Myers, Paralegal__
*Printed name and title*

__121 W. Trade Street, Suite 1950__
__Charlotte, NC  28202__
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1) The Petition and all copies thereof.

2) All Documents constituting drafts of the Petition.

3) All Documents provided by or on behalf of the Debtor to C&P for preparation of the Petition.

4) The Schedules and all copies thereof.

5) All Documents constituting drafts of the Schedules.

6) All Documents provided by or on behalf of the Debtor to C&P for preparation of the Schedules.

7) All Documents containing communications between C&P and the Debtor regarding the preparation of the Petition (whether sent or received by C&P).

8) All Documents containing communications between C&P and the Debtor regarding the preparation of the Schedules (whether sent or received by C&P).

9) All Documents containing communications between C&P and any person or entity acting on the Debtor's behalf, including but not limited to the Debtor's spouse, regarding the preparation of the Petition (whether sent or received by C&P).

10) All Documents containing communications between C&P and any person or entity acting on the Debtor's behalf, including, but not limited to the Debtor's spouse, regarding the preparation of the Schedules (whether sent or received by C&P).

11) All Documents containing notes of C&P's employees regarding any and all information necessary to the preparation of the Petition.

12) All Documents containing notes of C&P's employees regarding any and all information necessary to the preparation of the Schedules.

13) All Documents containing communications between C&P and the Debtor regarding the Subpoena (whether sent or received by C&P).

14) All Documents containing communications between C&P and the Debtor regarding the Debtor's responses to the Subpoena (whether sent or received by C&P).

15) All Documents containing communications between C&P and the Debtor regarding the Debtor's examination under Bankruptcy Rule 2004 in the Bankruptcy Case (whether sent or received by C&P).

16) All Documents containing communications between C&P and any person or entity acting on the Debtor's behalf, including but not limited to the Debtor's spouse, regarding the Subpoena (whether sent or received by C&P).

17) All Documents containing communications between C&P and any person or entity acting on the Debtor's behalf, including but not limited to the Debtor's spouse, regarding the Debtor's responses to the Subpoena (whether sent or received by C&P).

18) All Documents containing communications between C&P and any person or entity acting on the Debtor's behalf, including but not limited to the Debtor's spouse, regarding the Debtor's examination under Bankruptcy Rule 2004 in the Bankruptcy Case (whether sent or received by C&P).

19) All Documents containing notes of C&P's employees regarding the Subpoena

20) All Documents containing notes of C&P's employees regarding the Debtor's responses to the Subpoena.

## Ryan D. Bolick

| | |
|---|---|
| **From:** | Caleb Brown <CBrown@mwhattorneys.com> |
| **Sent:** | Thursday, August 03, 2017 11:29 AM |
| **To:** | Ryan D. Bolick |
| **Cc:** | Richard Wright |
| **Subject:** | RE: subpoena served upon Collum & Perry |

Ryan,

I too am sorry we could not connect via phone yesterday.   I am cc'ing Richard Wright to this email.  Richard is one of the partners at our firm.  I know that Richard also tried to reach you by phone yesterday, so do not be surprised if his name popped up on your caller ID a couple of times.

I understand that you need a bit of additional time to review the documents from Collum & Perry before responding to the subpoena.  As their initial deadline for production was this Friday, August 4, we certainly do not have a problem giving your client until Wednesday August 9th to respond to the subpoena.  I would point out, however, that the law governing the application of the attorney/client privilege to the information requested by the subpoena is quite clear.  None of the items we have requested are protected.  I understand that you have a copy of the July 25th letter I sent to Mr. Perry.  Relevant case law from the Bankruptcy Court for the Western District of North Carolina discussing the application of privilege in a very similar context is cited therein.

I also understand from you voicemail yesterday that you represent Danielle Walle in the context of the subpoena we issued to Collum & Perry.  I know that Mr. Wright wanted to discuss a mutually convenient time to follow up on the issues at the heart of the subpoena with Ms. Walle.

I would ask that you please give either Mr. Wright or me a call on Monday to discuss these issues further.  Thanks for your attention to this matter.

Sincerely,
Caleb

Caleb Brown
Moon Wright & Houston, PLLC
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
(704) 944-6579
cbrown@mwhattorneys.com

---

**From:** Ryan D. Bolick [mailto:rbolick@cshlaw.com]
**Sent:** Thursday, August 03, 2017 10:03 AM
**To:** Caleb Brown
**Subject:** subpoena served upon Collum & Perry

Mr. Brown,

Thanks for your return call yesterday.  I am sorry we have not been able to connect.  As you know I have been retained to assist Collum & Perry in responding to the subpoena issued by your firm.  The attorney who was hired by Ms. Cole is no longer with the firm.  As you also know the attorney client privilege is a privilege held by Ms. Cole and as such my client must be very careful to provide only that information that is not subject to the privilege.   As I indicated to you in

my voicemail message I would appreciate your courtesy in allowing me to provide the documents we deem not to be privileged by Wednesday of next week to give me the time necessary to review the documents and assess the issues of privilege with the attorney that is no longer with my client's firm.

I will prepare and file a motion for protective order in a timely fashion as required by the rules in order to protect the information subject to the attorney client privilege; however, I wanted to let you know that we do expect to be able to produce some documentation pursuant to your subpoena that is not protected by the attorney client privilege early next week.   Thanks for your consideration.


Regards,

Ryan



**Ryan D. Bolick**
*Attorney at Law*

**P** +17049403416
**F** +17048315527

**2907 Providence Road Suite 200**
**Charlotte, NC 28211**

**Post Office Box 30787**
**Charlotte, NC 28230**



WWW.CSHLAW.COM


**Confidentiality Notice: If you are not the intended recipient of this message, you are not authorized to intercept, read, print, retain, copy, forward, or disseminate this communication. This communication may contain information that is proprietary, attorney/client privileged, attorney work product, confidential or otherwise legally exempt from disclosure. If you have received this message in error, please notify the sender immediately either by phone at +18008494444 or by return e-mail and destroy all copies of this message (electronic, paper, or otherwise).**

## Ryan D. Bolick

| | |
|---|---|
| **From:** | Ryan D. Bolick |
| **Sent:** | Tuesday, August 08, 2017 8:30 AM |
| **To:** | 'Caleb Brown'; Richard Wright |
| **Subject:** | RE: subpoena served upon Collum & Perry- follow up |

Gentlemen,

Again, I'm sorry our schedules did not to allow us to catch up with one another yesterday.  I will not be available today so I thought I would send this email to you to explain why my client will be unable to produce any documents pursuant to your firm's subpoena.

First, Rule 1.6 of the Rules of Professional Conduct specifically states "a lawyer shall not reveal information acquired during the professional relationship with a client unless the client gives informed consent".  As you are aware, my client no longer represent Ms. Cole but the privilege exists beyond the representation.  North Carolina common law is consistent with the Rules of Professional Conduct and has determined that the attorney-client privilege is a privilege held by the client and not the lawyer.  Therefore, a lawyer may neither decide what information is attorney client privileged information and may not waive the privilege of its former client through the production of documents.  See *In re Miller*, 357 N.C. 316 (2003).

Judge Graham Mullen issued an order in *Torres v. ADM Mill. Co.,* No. 3:13-CV-574, 2015 WL 4425698, at *4 (W.D.N.C. July 17, 2015), denying a motion to enforce subpoena duces tecum which sought production of a client's entire file from their counsel.  Specifically the court held "Because the file is still protected by the attorney-client privilege, [the attorney] cannot waive privilege on behalf of [the client] and supply Builders Mutual with file.  As a result, to the extent the subpoena violates attorney-client privileges, Builders Mutual's motion to enforce the subpoena duces tecum must be denied."

Finally, the case you relied upon in seeking that documents be produced from Ms. Cole's former counsel is very different from the current situation.  In *Wolbert* the subpoena was served on the debtor, not the debtor's counsel.  Presumably the court heard arguments from the debtor regarding the attorney-client privilege held by the debtor and then made a decision as to which documents were protected by the attorney client privilege and which were not.  It seems to me that the Court, like the court Wolbert, would need to hear from Ms. Cole regarding the reasons she believes the documents you seek are not subject to production.  In other words, the issues I have raised in response to your firm's subpoena are ones that need to be resolved with Ms. Cole, not my client.

I certainly understand you are working to get all the information you believe you need for the prosecution of your firm's claims, but the common law regarding attorney-client privilege and the Rules of Professional Conduct do not allow my client to produce the documents your firm has requested.  Such voluntary production would arguably be malpractice and would certainly be a violation of the Rules of Professional Conduct.  As you know, the attorney-client privilege affects a substantial right and is immediately appealable.  My hope is that we can avoid a court hearing involving my client and potentially an appeal (from either your firm or my client).

I should be in the office and available almost all day Wednesday and would be happy to set a time to discuss these issues with the you.  Please let me know if there is a time Wednesday that works for you.  I look forward to speaking with you then.

Regards,

Ryan

**From:** Ryan D. Bolick
**Sent:** Monday, August 07, 2017 1:59 PM
**To:** 'Caleb Brown' <CBrown@mwhattorneys.com>
**Subject:** RE: subpoena served upon Collum & Perry

Caleb,

I had a lunch meeting and am now in another meeting that should be finished by 4. I will call as soon as I am able. Thanks.

Regards,

Ryan

---

**From:** Caleb Brown [mailto:CBrown@mwhattorneys.com]
**Sent:** Monday, August 07, 2017 12:02 PM
**To:** Ryan D. Bolick <rbolick@cshlaw.com>
**Cc:** Richard Wright <rwright@mwhattorneys.com>
**Subject:** RE: subpoena served upon Collum & Perry

Ryan,

I left a short message on your voice mail this morning. I noticed that you filed a motion to quash or modify the subpoena last Friday. Richard Wright and/or I would like to get a chance to discuss the privilege issues implicated by the subpoena with you sometime today in an effort to avoid unnecessary conflict and resulting expenses for both your client and our firm. Please give either Richard or I a call today when you have a few minutes. My direct line is below. You can reach Richard directly at (704) 944-6564.

Many thanks,
Caleb

Caleb Brown
Moon Wright & Houston, PLLC
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
(704) 944-6579
cbrown@mwhattorneys.com

---

**From:** Ryan D. Bolick [mailto:rbolick@cshlaw.com]
**Sent:** Thursday, August 03, 2017 1:21 PM
**To:** Caleb Brown
**Cc:** Richard Wright
**Subject:** RE: subpoena served upon Collum & Perry

Caleb,

Thanks for your email. I have not spoken with Danielle (I think her last name may have changed) and that is part of the issue with timing. I expect Collum & Perry's carrier to allow me to represent her as well but am waiting on that confirmation. Did you serve a subpoena on Danielle as well? As soon as I know about my representation of Danielle, I

2

will let you know.  We can certainly discuss any issues on Monday.  At this point I only have a lunch meeting and will be unavailable from 11am-2pm.  Otherwise we can plan to have a discussion in the afternoon on Monday.  By then I should have confirmation of my representation of Danielle.  Thanks again.

Regards,

Ryan



**Ryan D. Bolick**
*Attorney at Law*

**P** +17049403416
**F** +17048315527

**2907 Providence Road Suite 200**
**Charlotte, NC 28211**

**Post Office Box 30787**
**Charlotte, NC 28230**



WWW.CSHLAW.COM

---

**From:** Caleb Brown [mailto:CBrown@mwhattorneys.com]
**Sent:** Thursday, August 03, 2017 11:29 AM
**To:** Ryan D. Bolick <rbolick@cshlaw.com>
**Cc:** Richard Wright <rwright@mwhattorneys.com>
**Subject:** RE: subpoena served upon Collum & Perry

Ryan,

I too am sorry we could not connect via phone yesterday.  I am cc'ing Richard Wright to this email.  Richard is one of the partners at our firm.  I know that Richard also tried to reach you by phone yesterday, so do not be surprised if his name popped up on your caller ID a couple of times.

I understand that you need a bit of additional time to review the documents from Collum & Perry before responding to the subpoena.  As their initial deadline for production was this Friday, August 4, we certainly do not have a problem giving your client until Wednesday August 9th to respond to the subpoena.  I would point out, however, that the law governing the application of the attorney/client privilege to the information requested by the subpoena is quite clear.  None of the items we have requested are protected.  I understand that you have a copy of the July 25th letter I sent to Mr. Perry.  Relevant case law from the Bankruptcy Court for the Western District of North Carolina discussing the application of privilege in a very similar context is cited therein.

I also understand from you voicemail yesterday that you represent Danielle Walle in the context of the subpoena we issued to Collum & Perry.  I know that Mr. Wright wanted to discuss a mutually convenient time to follow up on the issues at the heart of the subpoena with Ms. Walle.

I would ask that you please give either Mr. Wright or me a call on Monday to discuss these issues further. Thanks for your attention to this matter.

Sincerely,
Caleb

Caleb Brown
Moon Wright & Houston, PLLC
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
(704) 944-6579
cbrown@mwhattorneys.com

---

**From:** Ryan D. Bolick [mailto:rbolick@cshlaw.com]
**Sent:** Thursday, August 03, 2017 10:03 AM
**To:** Caleb Brown
**Subject:** subpoena served upon Collum & Perry

Mr. Brown,

Thanks for your return call yesterday. I am sorry we have not been able to connect. As you know I have been retained to assist Collum & Perry in responding to the subpoena issued by your firm. The attorney who was hired by Ms. Cole is no longer with the firm. As you also know the attorney client privilege is a privilege held by Ms. Cole and as such my client must be very careful to provide only that information that is not subject to the privilege. As I indicated to you in my voicemail message I would appreciate your courtesy in allowing me to provide the documents we deem not to be privileged by Wednesday of next week to give me the time necessary to review the documents and assess the issues of privilege with the attorney that is no longer with my client's firm.

I will prepare and file a motion for protective order in a timely fashion as required by the rules in order to protect the information subject to the attorney client privilege; however, I wanted to let you know that we do expect to be able to produce some documentation pursuant to your subpoena that is not protected by the attorney client privilege early next week. Thanks for your consideration.

Regards,

Ryan



**Ryan D. Bolick**
*Attorney at Law*

**P** +17049403416
**F** +17048315527

**2907 Providence Road Suite 200**
**Charlotte, NC 28211**

**Post Office Box 30787**
**Charlotte, NC 28230**



WWW.CSHLAW.COM

**Confidentiality Notice: If you are not the intended recipient of this message, you are not authorized to intercept, read, print, retain, copy, forward, or disseminate this communication. This communication may contain information that is proprietary, attorney/client privileged, attorney work product, confidential or otherwise legally exempt from disclosure. If you have received this message in error, please notify the sender immediately either by phone at +18008494444 or by return e-mail and destroy all copies of this message (electronic, paper, or otherwise).**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

|                                               |     |                                    |
|-----------------------------------------------|-----|------------------------------------|
| In re:                                        | )   |                                    |
|                                               | )   |                                    |
| **SANDRA DEE COLE,,**                         | )   |                                    |
|                                               | )   |                                    |
| Debtor,                                       | )   |                                    |
|                                               | )   |                                    |
| **MOON WRIGHT & HOUSTON, PLLC,**              | )   | **MOTION TO QUASH/MODIFY**         |
|                                               | )   | **SUBPOENA AND MOTION FOR**        |
|                                               | )   | **PROTECTIVE ORDER**               |
| Plaintiff,                                    | )   |                                    |
|                                               | )   |                                    |
| v.                                            | )   |                                    |
|                                               | )   |                                    |
| **SANDRA DEE COLE**,                          | )   |                                    |
|                                               | )   |                                    |
| Defendant.                                    | )   |                                    |

NOW COMES Collum & Perry, PLLC, (hereinafter "Collum & Perry") by and through undersigned counsel, and pursuant to Rule 45 (d)(2)(B), Rule 45 (d)(3) and Rule 45 (e)(2) of the Federal Rules of Civil Procedure, and objects to and moves to quash the Subpoena issued to it, a copy of which is attached hereto as Exhibit A. Further, Collum & Perry moves for a protective order preventing the production of certain information protected by the attorney client privilege. In support of this Objection and Motion to Quash, the undersigned shows as follows:

1.      On July 21, 2017 Moon Wright & Houston, PLLC issued a subpoena essentially seeking any and all documents related to Collum & Perry's representation of Sandra Dee Cole's filing of bankruptcy. A copy of which is attached hereto as Exhibit A.

2.      On July 25, 2017 said subpoena was received by Travis M. Collum via certified mail.

3.      On July 26, 2017 Shane Perry of Collum & Perry contacted his errors and omissions carrier for assistance in determining what documents could be produced without violating attorney client privilege.

4.      On August 1, 2017 the undersigned was retained by Collum & Perry's errors and omissions insurance provider to assist the firm in the determination of which documents could be produced without violating the attorney client privilege.

5.      The undersigned learned that the attorney who represented Ms. Cole on behalf of Collum & Perry, Danielle Balle, is no longer a lawyer at Collum & Perry.

6.      Ms. Balle's assistance is necessary in assisting Collum & Perry in making this determination.

7.      The undersigned contacted Moon Wright & Houston, PLLC via voice mail on August 2, 2017 and received a return call on the same day.

8.      On August 3, 2017 the undersigned sent an email to Moon Wright & Houston, PLLC requesting an extension of time to review the file and determine which documents are protected by the attorney client privilege and not subject to disclosure.

9.      Moon Wright & Houston, PLLC responded by granting an extension of time within which the undersigned could produce those documents which have been requested and are not subject to the attorney client privilege. A copy of the email to Moon Wright & Houston and their response granting the extension is attached hereto as Exhibit B.

10.     Pursuant to Rule 45 Collum & Perry believe there are documents which are subject to the attorney client privilege contained in the file in its possession.

11.    Collum & Perry raise the attorney client privilege, which under the ethical rules is a privilege that belongs to Ms. Cole and cannot be waived by them, as a bar to the production and disclosure of certain information in the file maintained by Collum & Perry.

12.    Upon complete review of the file, and a determination as to the documents protected by the attorney client privilege, the undersigned will amend this objection to include a description of those documents subject to the privilege and withheld from production pursuant to Rule 45(e).

13.    Further, the undersigned will produce those documents it believes not subject to the attorney-client privilege by Wednesday, August 9, 2017 pursuant to the extension provided by Moon Wright & Houston, PLLC.

14.    Should the undersigned and Moon Wright & Houston, PLLC not be able to agree as to which documents are responsive to the subpoena, but protected from disclosure and production by the attorney client privilege, the undersigned requests that the Court enter an Order determining which documents should be disclosed and are not subject to the attorney client privilege.

15.    Further, the undersigned requests a protective order be entered regarding those documents that are protected by the attorney client privilege.

WHEREFORE, the undersigned respectfully requests that the subpoena attached hereto as Exhibit A be quashed and or/modified to the extent that it seeks documents protected by the attorney client privilege; that the Court enter a Protective Order preventing disclosure of any and all responsive documents protected by the attorney client privilege; and for such other relief as the Court deems just and proper.

This the 4th day of August, 2017.

CRANFILL SUMNER & HARTZOG LLP

BY:    /s/Ryan D. Bolick
       Ryan D. Bolick, NC Bar #26482
       Attorneys for Collum & Perry, PLLC
       P.O. Box 30787
       Charlotte, NC 28230
       Telephone (704) 332-8300
       Facsimile (704) 332-9994
       rbolick@cshlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August, 4 2017, I electronically filed the foregoing Motion to Quash/Modify Subpoena and Motion for Protective Orderwith the Clerk of the Court using the CM/ECF system:

| |
|---|
| Moon Wright & Houston, PLLC |
| 121 West Trade Street, Suite 1950 |
| Charlotte, North Carolina 28202 |

CRANFILL SUMNER & HARTZOG LLP

BY:    <u>/s/Ryan D. Bolick</u>
        Ryan D. Bolick, NC Bar #26482
        Attorneys for Collum & Perry, PLLC
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        rbolick@cshlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **SANDRA DEE COLE,,** | ) | |
| | ) | |
| Debtor, | ) | Chapter 7 (Converted) |
| _____ | ) | |
| **MOON WRIGHT & HOUSTON,** | ) | Case No. 16-50322 |
| **PLLC,** | ) | Adv. Proc. No. 17-05006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SANDRA DEE COLE**, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Cole & Perry has filed an Amended Motion to

Quash/Modify Subpoena and Motion for Protective order (hereinafter "Motion").

PLEASE TAKE FURTHER NOTICE that your rights may be affected by this Motion.

You should read the Motion carefully and discuss it with your attorney. If you do not have an

attorney, you may wish to consult with one.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held before

the Honorable Laura T. Beyer at the U.S. Courthouse, 200 West Broad Street, Statesville, North

Carolina 28677 on **Friday, September 8, 2017 at 11:00 A.M.**

PLEASE TAKE FURTHER NOTICE that the Court may grant the relief requested in the

Motion. No further notice will be given.

This the 14th day of August, 2017.

CRANFILL SUMNER & HARTZOG LLP

BY:   /s/Ryan D. Bolick

        Ryan D. Bolick, NC Bar #26482
        Attorneys for Collum & Perry, PLLC
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        rbolick@cshlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August, 14th 2017, I electronically filed the foregoing Notice of Hearing with the Clerk of the Court using the CM/ECF system and via First Class U.S. Mail as follows:

Moon Wright & Houston, PLLC
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202

Sandra Dee Cole
143 Sleepy Cove Trail
Mooresville, NC 28117

CRANFILL SUMNER & HARTZOG LLP

BY: /s/Ryan D. Bolick

Ryan D. Bolick, NC Bar #26482
Attorneys for Collum & Perry, PLLC
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
rbolick@cshlaw.com

4820-8512-0845, v. 1